IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GAYLEN D. CLARK,

                              Petitioner,

        v.                                    CASE NO. 05-3220-SAC

L.E. BRUCE, et al.,

                              Respondents.


O R D E R

    This matter is before the court on a pro se petition for writ
of habeas corpus under 28 U.S.C. 2254, filed by a prisoner in the
custody of the State of Kansas.  The court has reviewed
petitioner's motion for leave to proceed in forma pauperis under
28 U.S.C. 1915, and grants this motion.

    Having examined the record, the court finds the petition is
subject to being dismissed as untimely filed.

    The Antiterrorism and Effective Death Penalty Act (AEDPA),
enacted April 24, 1996, imposed a one year limitation period on
habeas corpus petitions filed by prisoners confined pursuant to
a state court judgment.  28 U.S.C. 2244(d)(1).  The running of
this one year limitation period is subject to tolling if
petitioner pursues state post-conviction relief or other
collateral review.  *See* 28 U.S.C. 2244(d)(2)(running of
limitations period is tolled while properly filed state
post-conviction proceeding and appeal therefrom is pending).

    In the present case, this statutory limitation period began
running when petitioner's 2000 state court conviction became

Dockets.Justia.com

final on September 12, 2002, upon expiration of the time for seeking certiorari review by the United States Supreme Court in petitioner's direct appeal. *See* <u>Locke v. Saffle</u>, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). Accordingly, absent tolling of the running of the one year limitation period, petitioner had until September 12, 2003, to seek habeas corpus relief in the federal courts.

However, it appears petitioner filed nothing in the state or federal courts until October 27, 2003, when he filed a motion in the Sedgwick County District Court for post-conviction relief under K.S.A. 60-1507. That state court action, filed after the statutory one year limitation period expired, had no tolling effect. *See* <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Petitioner filed the instant petition on May 12, 2005.[1]

---

[1]Petitioner alleges constitutional error in his state court sentence, and argues a state sentencing statute, K.S.A. 21-4710(a), is unconstitutional. It appears plaintiff raised this claim for the first time in a March 2005 state court motion to correct an illegal sentence. The state court denied the motion on April 29, 2005. Petitioner filed no appeal and argues any state court appeal would be futile. Instead, he filed the instant action to seek habeas corpus relief in federal court.

Accordingly, even if the petition could be shown to be timely file, if state appellate review is now foreclosed petitioner would be required to show why federal habeas review of this sentencing claim is not barred by petitioner's procedural default

2

On these bare facts, the court finds the petition is subject to being dismissed as time barred, absent a showing by petitioner that he is entitled to equitable tolling of the statutory limitation period.

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation and citations omitted).

Petitioner's allegations in the present case appear to fall far short of establishing either of these required showings. The court thus directs petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as time barred

_____

in presenting the claim to the state courts for full appellate review. *See* Coleman v. Thompson, 501 U.S. 722, 732 (1991)("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer ⟨available' to him.") *and* Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)("[I]f the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.").

under 28 U.S.C. 2244(d)(1).

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to show cause why the petition for writ of habeas corpus under 28 U.S.C. 2254 should not be dismissed as time barred.

DATED:  This 20th day of May 2005 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4