IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GAYLEN D. CLARK,**

                **Petitioner,**

      v.                                 CASE NO. 05-3220-SAC

**L.E. BRUCE, et al.,**

                **Respondents.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus the court construed as filed under 28 U.S.C. 2254. By an order dated May 20, 2005, the court directed petitioner to show cause why the petition should not be dismissed as time barred because it was not filed within the one year limitation period provided under 28 U.S.C. 2244(d)(1) for the filing of habeas petitions by prisoners confined pursuant to a state court judgment. Having reviewed petitioner's response, the court continues to find the petition should be dismissed as untimely filed.

Petitioner first argues the court erroneously treated the habeas application as filed under 28 U.S.C. 2254 rather then 28 U.S.C. 2241 as explicitly set forth in petitioner's application. The court does not agree.

Courts are to liberally construe pleadings filed by pro se litigants. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999). In the present case, petitioner alleges application of a state sentencing

statute, K.S.A. 21-4710(a), allowing consideration of nonjury juvenile adjudications to enhance petitioner's sentence, was unconstitutional under recent Supreme Court decisions including Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738, (2005).  This allegation clearly challenges the constitutionality of the sentence imposed on petitioner by the state sentencing court, thus relief on this claim properly lies under 28 U.S.C. 2254.  *See* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(§ 2254 serves as means to challenge validity of conviction or sentence and § 2241 serves as means to attack execution of sentence); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.").  The Supreme Court has instructed that the authority of the federal courts to grant habeas relief to state prisoners under 28 U.S.C. 2241 is limited by 28 U.S.C. 2254.  Felker v. Turpin, 518 U.S. 651, 662 (1996).

Nonetheless, whether the petition is treated as filed under 2254 or 2241, it remains subject to the one year limitation period imposed by 28 U.S.C. 2244(d) as amended by the Antiterrorism and Effective Death Penalty Act on April 24, 1996. *See* Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003)(one-year limitation period in 28 U.S.C. 2244(d) applies to habeas petitions filed by state prisoners under 28 U.S.C. 2241).[1]

---

[1]*See also* Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000)("Section 2244(d)(1) applies to every 'application for a

Petitioner next argues the statutory limitation period in 28 U.S.C. 2244(d) does not apply because his sentence is invalid, and because Kansas law allows a state court to correct an illegal sentence at any time.[2] These arguments have no merit.

Section 2244(d) imposes a one year limitation period on a state prisoner seeking habeas corpus relief in a federal court. As applied in this case, the one year period began running on September 12, 2002, when petitioner's state conviction and sentence became final, 28 U.S.C. 2244(d)(1), and expired one year later because petitioner did not file any state court action during that one year period, *see* 28 U.S.C. 2244(d)(2)(limitation period tolled for properly filed state court action and appeal therefrom).[3]

---

writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' It does not distinguish between applications under § 2241 and those under § 2254. ...[E]very collateral attack by a state prisoner on a final judgment of conviction necessarily depends on § 2254. It is not possible to escape its limitations by citing some other statute.").

[2] *See* K.S.A. 22-3504 (motion to correct illegal sentence).

[3] To the extent petitioner argues the limitation period in this case runs from the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. 2244(d)(1)(C), this argument is defeated by Tenth Circuit decisions holding that Booker and Blakely are not to be applied retroactively to cases on collateral review. *See* Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005)(Booker may not be applied retroactively to second or successive habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005)(Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely). Section 2244(d)(1)(C) clearly does not apply to petitioner's claim under Apprendi, where the Supreme Court announced its decision in that case on June 26, 2000, prior to petitioner's

While petitioner may still have state court remedies for seeking relief from a sentence alleged to be illegal, he failed to present the instant application within the time allowed for seeking federal habeas corpus. Nor does petitioner demonstrate any extraordinary circumstances beyond his control to warrant equitable tolling of the 2244(d) limitation period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001).

Accordingly, for the reasons stated herein and in the order dated May 20, 2005, the court concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed as time barred.

DATED: This 29th day of June 2005 at Topeka, Kansas.

   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

sentencing in the state court in August 2000. *See also*, United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2003)(Apprendi does not apply retroactively to initial habeas corpus applications).

4